**T. Marie WATKINS, Individually and as Administratrix of the Estate of Francis M. Watkins, Deceased, Plaintiff in Error,**

**v.**

**Jane Watkins BOHANNAN and Louis F. Watkins, Defendants in Error.**

**No. 39750.**

Supreme Court of Oklahoma.

Oct. 9, 1962.

Frank T. McCoy, Robert P. Kelly, Lee W. Cook, Pawhuska, for plaintiff in error.

L. M. Colville, Pawhuska, for defendants in error.

BLACKBIRD, Vice Chief Justice.

Francis M. Watkins, an allottee and member of the Osage Tribe of Indians, whose name appears opposite No. 2036 on the Tribe's allotment rolls, died intestate in September, 1958, while a resident of Osage County, Oklahoma, owning an Osage headright (with cash accruals therefrom) and certain city real estate. In this appeal, the question of proper distribution of said intestate's estate between said intestate's second wife and surviving widow, T. Marie Watkins, and his daughter, Jane Watkins Bohannan, and two sons, Louis F. Watkins and William Virgil Watkins, pertains only to the headright property.

It is conceded that the headright was " * * * not acquired during coverture with such spouse * * * " (Mrs. T. Marie Watkins) within the meaning of that expression as used in the first numbered paragraph of Tit. 84 O.S.1951 (and O.S.1961) § 213, which reads, in part, as follows:

"First. * * * If the decedent leave a surviving husband or wife, and more than one child living * * *, one-third to the surviving husband or wife, and the remainder in equal shares to his children * * *: Provided, *that if the decedent shall have been married more than once, the spouse at the time of death shall inherit of the property not acquired during coverture with such spouse only an equal part with each of the living children of decedent * * *.*" (Emphasis ours).

At the hearing held in the County Court of Osage County on January 3, 1961, pursuant to the petition previously filed by Mrs. T. Marie Watkins, as administratrix of the intestate's estate, for determination of the intestate's heirs and distribution of his estate, it was never revealed that said intestate had been married once previous to his marriage to said petitioner. As a consequence, the court that day decreed distribution of all of said intestate's property—without regard to the above italicized proviso—in proportions of ⅓rd to said petitioner, and the other ⅔rds equally be-tween the above named daughter and two sons.

Thereafter, Jane Watkins Bohannan sought to re-open the matter by filing in the same probate proceedings, on April 5, 1961, her petition to set aside the above described final decree. In said petition, she charged, in substance, that her mother, the afore-named administratrix, had committed a fraud on the county court by not disclosing that her marriage to the intestate was his second one. After the administratrix had unsuccessfully demurred to said petition, had then filed her answer, and the county court thereafter tried the issues, it entered judgment setting aside its former decree, and ordering the administratrix to file an additional final account and petition for determination of heirs.

From said judgment, the administratrix appealed to the district court, which, upon trial de novo, after the parties had stipulated the facts, entered its judgment affirming the county court's judgment and specifically finding that the administratrix had committed "extrinsic fraud" at the aforesaid county court hearing in January, 1961. Mrs. T. Marie Watkins, hereinafter referred to merely as "appellant", has perfected the present appeal from the judgment of the district court, hereinafter referred to merely as the "trial court." Herein, she first contends that the trial court's above-mentioned finding of her "extrinsic fraud" is contrary to the law and the facts.

We will deal first, however, with said appellant's second, and last, contention that the two lower courts' ordering vacation of the decree of January, 1961, was contrary to the proper application of the statute hereinbefore partially quoted. (Tit. 84 § 213, supra). She contends that, by the provisions of said statute, the Legislature intended to reduce a second spouse's share of property, "not acquired during coverture", to a child's share, *only* in the event that the decedent left no surviving children except those of a previous marriage, or left such children, in addition to children of his marriage with the surviving spouse.

She argues that the statute is worded, as it is, to prevent the shares of children of a previous marriage, in the property their deceased parent had acquired before marriage to their surviving step-parent, from being reduced by said step-parent's inheritance of, or succession to, a full ⅓rd of such property; and that the statute's proviso was never intended to apply to a case like the present one, where the only children the decedent ever had, and left surviving, were born of his marriage, or coverture, with the widow. On the other hand Jane Watkins Bohannan and Louis F. Watkins (hereinafter referred to as appellees) say that, according to the wording of the statute, the descent and distribution of the decedent's property is the same, if children of either of his marriages survive him, whether they be by a first, or a later, marriage. Their position is that there is no language in the statute to import that it makes any difference from which union the surviving children were born. We do not agree. We think the plain import of the expression, " * * * leaving children of decedent * * *" is to distinguish between them, and other surviving children, such as those of the widow, or those of both, who were conceived in their cohabitation. We think that if the Legislature had not intended to make such distinction, it would not have used the phrase " * * * of the decedent * * *", thus distinguishing, and setting apart such class of surviving children, from the other classes of children that might conceivably survive the decedent. The construction contended for by appellees would penalize, without reason or justification, the surviving spouse for having married a person who had been married previously. As to a family such as is involved here, we conceive of no valid reason, practical or otherwise, for legislative bestowal upon the surviving children of any greater share of their father's premaritally acquired property, than of the property that was acquired during his marriage with their mother. We therefore hold that the hereinbefore quoted proviso does not apply to the descent and distribution of

the estate of a decedent who never had any children except those who are as much his widow's as his, and would be correctly referred to as "theirs", as distinguished from "his" or "hers".

Under our construction of the proviso, it follows that the fact that decedent was married more than once was immaterial; and the non-disclosure of such fact could constitute no basis for distributing decedent's property any differently upon the filing and hearing of a new petition therefor, than was directed in the county court decree of January 3, 1961.

In view of the foregoing, the district court's judgment upholding the setting aside of said decree is hereby reversed; and this cause is remanded to said court with directions to vacate same, and enter a new judgment directing the county court to vacate its previous order setting aside the only final decree of that court that now stands.